SPRAGUE v. KING.

(Supreme Court, Appellate Term. March, 1902.)

REPLEVIN—SPECIAL PROPERTY IN DEFENDANT—JUDGMENT.

Code Civ. Proc. § 1727, provides that, when defendant has a special property in property replevied of which plaintiff is the general owner, the verdict shall only fix the value of defendant's interest. Section 1730 provides that in a case under section 1727, where the property has been delivered to plaintiff, the final judgment for defendant shall be for the value of his special property, and, if it be not paid, for the possession of the chattel. Plaintiff in replevin was the owner of two pianos which he had loaned to a third person, who placed them in defendant's hands for storage. Plaintiff had permitted such third person to deal with the pianos as his own, and had known the arrangement with

defendant for nine months before bringing suit. *Held*, that a judgment for the return of the pianos to defendant or for their full value, without prejudice to a new action for plaintiff on the merits, should be modified to provide only for payment by plaintiff of defendant's lien for storage and for a return of the property in case that sum were not paid.

Appeal from municipal court, borough of Manhattan, Sixth district.

Replevin by Arthur J. Sprague against C. Fletcher King. From a judgment of the municipal court in favor of defendant, plaintiff appeals, and from an order modifying the judgment, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

William N. Barry, for appellant.

Wilber & Hart, for respondent.

FREEDMAN, P. J. There are two appeals in this action: (1) An appeal by the plaintiff from the judgment rendered April 29, 1901, in the municipal court, Sixth district, borough of Manhattan; and, (2) an appeal by the defendant from an order, made May 23, 1901, by the trial judge, modifying the judgment.

This action was in replevin, and the complaint alleged a "wrongful detention" from the plaintiff by the defendant of two pianos valued at $500. The answer denied the wrongful detention, and set up a lien upon the property for storage, insurance, care, etc. The property was taken from the possession of the defendant by virtue of the writ of requisition issued in the action, and was delivered to the plaintiff. After a trial of the issues the court rendered a judgment in favor of the defendant "for a return to the defendant of the chattels taken on replevin to wit: 2 pianos, value 500." Subsequently, and upon motion of the plaintiff's attorney, the judgment was modified or amended by the trial judge by adding the words, "but without prejudice to the commencement by plaintiff of a new action for the recovery of the chattels upon the merits." The plaintiff, as appellant, claims, in substance, that the case was decided upon a purely technical ground, viz., want of a demand upon the defendant for the return of the property before the action was commenced; that, if a demand was necessary and for that reason any judgment was rendered for the defendant, it should have been for costs, and not for the return of the property; that, if the decision was upon the merits, the value of the defendant's lien, only, should have been determined by the judgment, and that the judgment as entered was a bar to another action upon the merits. The defendant, as appellant, claims that the case was decided upon the merits, and that the court below had no authority or power to modify or amend the judgment by the order above referred to.

The material facts in the case are undisputed. The plaintiff, in 1897 or 1898, purchased the two pianos in question, and loaned them to a firm known as the "Orms Company," of which the plaintiff's brother was a member. They remained in the possession of the Orms Company until March, 1899, when that company, by E. N.

Ogden, its president, placed them in the hands of the defendant, who was to store and care for them and exhibit them to visitors, for which he was to have an agreed price of $15 per month. It was not until January, 1901, that the defendant learned that the plaintiff claimed to own the instruments, and thereupon he immediately wrote plaintiff two letters demanding payment for the amount due him for rent, etc. These letters were produced upon the trial by the plaintiff, who admitted their receipt, but says he paid no attention to them in any way except by bringing this suit in March, 1901.

The judgment as rendered and as modified is erroneous. By section 1727 of the Code of Civil Procedure it is provided that, when the plaintiff is the general owner of the property replevied, but the defendant has a special property therein, the verdict, report, or decision shall not fix the value of the chattel replevied, but only the value of the special property of the defendant therein. Section 1730 provides that in a case specified in section 1727 the final judgment in favor of the defendant (in cases where the property has been delivered to the plaintiff) must award to him the sums therein specified (that is, the value of his special property therein), and, if it is not collected, the delivery of the chattel. Section 1731 provides the form of the execution to be issued in such cases. In the case at bar there is no claim made that the plaintiff is not the general owner of the property, and there was nothing shown in contradiction of the claim of the defendant to a special property therein. In addition to the fact that the plaintiff had permitted the Orms Company to deal with the property as its own, there was evidence tending to show that, as early as July, 1899, nine months before he begun this action, he knew where and under what arrangements with the company the defendant held the pianos. Neither does the plaintiff dispute the amount of the defendant's lien, which was shown upon the trial to be the sum of $345. This court must render "its judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits." Code Civ. Proc. § 3060. The judgment herein should be modified by fixing the value of the special property of the defendant in the chattels at the sum of $345, directing judgment for that amount in his favor, and for a return of the property if the amount of such judgment cannot be collected. This disposes of both appeals and neither party should have costs.

Judgment modified by fixing the value of the special property of the defendant in the chattels replevied at the sum of $345, with costs in the court below, and directing that in case that amount cannot be collected the defendant have a return of the property replevied, with no costs to either party upon this appeal.

Judgment modified. All concur.